**Nepton ESFAHANI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–71137.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Raul Ray, The Law Offices of Raul Ray, Bernadette W. Connolly, Law Offices of

Bernadette W. Connolly, San Jose, CA, for Petitioner.

David V. Bernal, Ernesto H. Molina, Jr., OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Nepton Esfahani, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his third motion to reopen deportation proceedings to apply for protection under the Convention Against Torture. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional issues, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001), and we dismiss in part and deny in part the petition for review.

To the extent Esfahani challenges the immigration judge's denial of his third motion to reopen as time and numerically barred, we lack jurisdiction to review it because he did not exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004). We also lack jurisdiction to review the agency's refusal to reopen proceedings sua sponte. *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir.2009).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We reject Esfahani's contention that the regulatory deadline violates his equal protection rights, *see Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1163–65 (9th Cir. 2002) (rejecting an equal protection challenge to a statutory time limitation where such limitation served a rational purpose), and we reject his due process contention that the regulatory deadline is irrational, *see INS v. Abudu*, 485 U.S. 94, 107–08, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.